UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RANDY L. RICHARDSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 2:13-CV-200-TLS |
| FEDERAL EXPRESS CORPORATION SHORT TERM DISABILITY PLAN, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The issue in this litigation, which is before this Court pursuant to the Employee Retirement Income Security Act (ERISA), is whether Defendant Federal Express Corporation Short Term Disability Plan acted arbitrarily and capriciously when it denied short term disability benefits to Plaintiff Randy L. Richardson. The Defendant maintains that it rightfully denied coverage because the Plaintiff's Short Term Disability benefits ceased when he ended his leave of absence from his full time courier job and accepted a material handler position that his employer did not consider to be full time. When the Plaintiff decided that he could not perform the material handler job due to medical reasons, he requested reinstatement of the Short Term Disability benefits he had been receiving while on leave of absence from his courier position. According to the Plaintiff, his attempt at performing the material handler position did not render him ineligible because he held the position as part of the Defendant's Temporary Return to Work Program, and he never lost his full time status. This matter comes before the Court on the Defendant's Motion for Summary Judgment [ECF No. 15] and the Plaintiff's Motion for Partial Summary Judgment [ECF No. 19].

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In ruling on a motion for summary judgment, the admissible evidence presented by the nonmoving party must be believed and all reasonable inferences must be drawn in the nonmovant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). When cross motions for summary judgment are filed, the court looks to the burden of proof that each party would bear on an issue and then requires that party to go beyond the pleading and affirmatively establish a genuine issue of material fact. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007).

Where, as here, an ERISA plan grants an administrator discretion to construe terms and determine coverage under the policy, a reviewing court may not overturn the administrator's interpretation unless the administrator's determination was arbitrary or capricious. *Weitzenkamp v. Uunum Life Ins. Co. of Am.*, 661 F.3d 323, 329 (7th Cir. 2011); *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 659 (7th Cir. 2005). Under this standard, a court upholds the plan's decision if "(1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem." *Sisto v. Ameritech Sickness & Accident Disability Benefit Plan*, 429 F.3d 698, 700 (7th Cir. 2005) (quoting *Houston v. Provident Life & Accident Ins. Co.*,

390 F.3d 990, 995 (7th Cir. 2004), and *Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001)). Under the arbitrary or capricious standard, the reviewing court "do[es] not ask whether the administrator reached the correct conclusion or even whether it relied on the proper authority." *Kobs v. United Wis. Ins. Co.*, 400 F.3d 1036, 1039 (7th Cir. 2005). Rather, the question before a reviewing court is whether the administrator's "decision has 'rational support in the record.'" *Davis v. Unum Life Ins. Co. of Am.*, 444 F.3d 569, 576 (7th Cir. 2006) (quoting *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004)). "Put simply, an administrator's decision will not be overturned unless it is downright unreasonable." *Id.* (quotation marks and citation omitted). The standard, however, "is not a euphemism for a rubber-stamp." *Majeski v. Metro. Life Ins. Co.*, 590 F.3d 478, 483 (7th Cir. 2009).

To grant summary judgment in favor of the Defendant in this case, the Court must find that, when the facts are taken in the light most favorable to the Plaintiff, there is no evidence that the Defendant's denial of benefits was arbitrary and capricious. The Plaintiff's cross motion for partial summary judgment can only be granted if the evidence, viewed in a light most favorable to the Defendant, shows that the administrator's decision was arbitrary and capricious.

## STATEMENT OF FACTS

The Plaintiff worked for many years as a full time courier for Federal Express Corporation (FedEx), stationed out of South Bend, Indiana. His job required that he maintain a Commercial Driver's License (CDL). In November 2009, the Plaintiff suffered a heart attack caused by arrhythmia. The Plaintiff had a pacemaker and defibrillator surgically implanted. United States Department of Transportation regulations preclude a person with an implanted

3

defibrillator from holding a CDL.

Effective November 17, 2009, FedEx granted the Plaintiff Short Term Disability benefits under its ERISA qualified employee benefits plan. Aetna Life Insurance Company was the Claims Paying Administrator for the Short Term Disability Plan. The Short Term Disability Plan grants discretionary authority to the Aetna Review Committee.

A FedEx employee covered by the Short Term Disability Plan is eligible to receive short-term disability benefits from the Short Term Disability Plan if he or she becomes Disabled as that term is defined by the Short Term Disability Plan. The Short Term Disability Plan's definition of Disabled includes an Occupational Disability, which is defined as "the inability of a Covered Employee, because of a medically-determinable physical impairment or Mental Impairment, to perform the duties of his regular occupation." (Administrative Record (A.R.) 345–46, 348, ECF No. 14.) The Short Term Disability Plan defines an Eligible Employee as an employee "engaged in Permanent Full-Time Employment with a Sponsoring Employer." (A.R. 312.) "An Employee who is classified as casual, permanent part-time, restricted schedule, seasonal, student/college intern, temporary or work study or who is on military leave of absence shall not be an Eligible Employee." (*Id.*) A Permanent Full-Time Employee is one "who customarily works a regularly scheduled thirty-five hour work week for the Employer and who is designated as full-time employee as evidenced by documentation in the employee's personnel file." (A.R. 348.) The Plan provided that "[C]overage under the Plan will automatically terminate as to any Covered Employee on . . . the date he ceases Permanent Full-Time Employment . . . [or] the date he ceases to meet the definition of an Eligible Employee." (A.R. 352.)

On January 4, 2010, the Plaintiff's cardiologist released the Plaintiff to return to work full

4

duty and without restrictions. However, he was still ineligible to operate a commercial vehicle per United States DOT regulations pertaining to CDLs and thus unable to perform the duties of a courier.

In February 2010, the Plaintiff accepted a permanent, part-time position as material handler at a FedEx facility in San Diego, California. The Plaintiff began work in the position on March 2, 2010. On March 3, 2010, Aetna informed the Plaintiff that he was no longer entitled to benefits under the Short Term Disability Plan because he had "accepted another part-time position within the Federal Express Corporation and [was] no longer employed full-time." (A.R. 1.) Aetna's letter referenced specific provisions of the Short Term Disability Plan regarding the termination of coverage when full time employment ceases. (*Id.*) The Plaintiff worked in the material handler position until March 9, when he stopped due to concerns with his medical condition. He then attempted to obtain disability benefits, but was informed that he no longer qualified because he was a part time employee, a fact that Aetna had confirmed with FedEx.

On April 7, 2010, the Plaintiff contacted Aetna to verbally request an appeal of the cessation of his short term disability benefits, claiming that he had been a full time employee, became part time when he returned from disability, and was back to being considered full time. Elaine Fremer, a Sr. LTD Claim Analyst, sent an email to FedEx personnel advising that the Plaintiff was appealing the denial of Short Term Disability benefits on grounds that FedEx had rescinded his part time status and restored him as full time employee. She asked that FedEx provide appropriate documentation to show this restoration had occurred. The response, authored by Richard Watring from FedEx's human resource department, stated that the Plaintiff status "should revert to his former status, which is still on SBN's books and still on STD." (A.R. 6.)

5

On April 20, Fremer advised FedEx that the appeal review had been completed and the denial of benefits was being overturned. A FedEx Human Capital Management Program Advisor, Chris Niec, immediately advised Fremer that the company had further complications regarding the Plaintiff's actual job status, specifically whether it was full time or part time.[1] Fremer responded, requesting to know the status and stating that she would hold on to the claim until she heard further. Fremer spoke to the Plaintiff to advise him that his claim was on hold until FedEx confirmed that his work status update was completed.

On April 21, Fremer inquired of Niec whether FedEx had decided on the Plaintiff's status. Niec responded that he was waiting an additional response from human resources. On April 23, Niec sent an email to Fremer stating that FedEx was updating PRISM to reflect the Plaintiff as part time for the material handler position he had accepted. He advised that it would take a few days to process the paperwork. Once the Defendant confirmed the Plaintiff's status as a part time employee, the Defendant upheld the decision to deny him Short Term Disability benefits.

**ANALYSIS**

Whether the Plaintiff was entitled to Short Term Disability benefits turns on whether he remained an Eligible Employee. The parties do not dispute that the Plan only covers employees who FedEx employs full time. The question then, is whether there is rational support in the

---

[1] In fact, the administrative record shows that as early as March 19, the Defendant asked FedEx to update its PRISM screen because it was still showing the Plaintiff as a full time courier despite FedEx's representations to the Defendant that the Plaintiff had accepted a part time material handler position. PRISM refers to FedEx's electronic personnel records system.

record for the Defendant's determination that the Plaintiff became a part time FedEx employee when he accepted the job as material handler in San Diego, instead of a full time employee on leave of absence. Based on the record set forth above, the Court answers this question in the affirmative.

The Plan defines a Permanent Full-Time Employee as one "who customarily works a regularly scheduled thirty-five hour work week for the Employer and who is designated as full-time employee as evidenced by documentation in the employee's personnel file." (A.R. 348.) This definition has two facets to consider: (1) how many hours the employee regularly worked; and (2) the designation evidence by documentation in the employee's personnel file. Addressing the designation element, the Plaintiff argues that there is no rational basis for the conclusion that he became an ineligible part time employee because his personnel file did not reflect a change in his status to part time until after he appealed the denial of Short Term Disability benefits. The Plaintiff asserts that it was improper for the Defendant to rely on the post appeal alteration of his records to determine his employment status. The Court does not find merit in the Plaintiff's argument. FedEx, and not the plan administrator, was responsible for determining the Plaintiff's employment status. And, according to FedEx, it merely updated the Plaintiff's records to reflect his actual work status as a part time employee beginning on March 3, 2010. The administrative record supports this assertion. The record shows that both the Plaintiff and FedEx understood the position to be part time when the Plaintiff accepted it, and that this was then relayed to the Defendant. The Plaintiff himself communicated with the Defendant on March 3, stating that he received another position as material handler part time in San Diego and was off Short Term Disability. (A.R. 60.) Also on March 3, the Defendant asked for verification from FedEx whether

7

the Plaintiff's new position was full time or part time, and it confirmed that the position was part time. (A.R. 61.) Therefore, when the Plaintiff determined that he could not perform the material handler job and requested Short Term Disability benefits, the Defendant denied his request on grounds that he was no longer eligible as a part time employee. When the Plaintiff appealed the decision, citing the understanding that FedEx was going to reinstate his full time status, the Defendant set out to confirm his status from the employer. The confirmation of his status as part time, which was one of the relevant factors to making the coverage determination, led to the Defendant's confirmation of the denial of benefits. The Plaintiff may have believed his employer would *reinstate* his full time status, thus moving him *from part time* back to full time, but that is not what actually occurred.[2] It was not arbitrary and capricious for the Defendant to rely on the employer's representations regarding the status of the Plaintiff's position as part time.

The Plaintiff's claim is further defeated by the fact that he did not customarily work a regularly scheduled thirty-five hour work week when he quit the material handler position and requested Short Term Disability benefits. Although the Plaintiff's courier position had satisfied the definition of Permanent Full-Time, the Plaintiff elected to obtain a job that required fewer hours and was considered by his employer to be part-time. To address this apparent hurdle, the Plaintiff argues that he was merely taking advantage of the Temporary Return to Work (TRW) Program when he tried to do the material handler job in San Diego, and that the Defendant completely ignored this fact. The Defendant, however, had no evidence before it to suggest that

---

[2] Although not a part of the Administrative Record or a basis for this Court's decision, the Court notes that FedEx specifically instructed the Plaintiff in the offer letter for the material handler job to "review 'Your Employee Benefits' book for changes in benefits attached to part-time status, i.e., eligibility for STD/LTD, life insurance, tuition refund." (Niec Decl. ¶ 6 and Ex. 2, ECF No. 21-1.)

the Plaintiff was using the TRW Program. The Plan defined a TRW Position as "the temporary employment of a Disabled Covered Employee by an Employer in a temporary position established by the Employer on an *ad hoc* basis to permit the employment of such Employee who is unable to perform the full range of duties of his regular occupation, where such Employee has been released to return to work in a limited capacity." (A.R. 349–50.) The only evidence the Plaintiff cites in support of his claim that his failed attempt at the material handler job was a TRW, is page 59 of the Administrative Record. *See* Resp. to Def.'s M. 6, ECF No. 20. Page 59 is a document from Aetna dated March 3, 2010, which states that "prism indicated that this employee's TRW end date is on 03/02/2010." Thus, the cited document actually supports the conclusion that the Plaintiff's TRW status *ended* the day before his part time material handler position began. The document does not support the conclusion that the material handler job was a TRW position. Additionally, an April 29, 2010, Leave of Absence History Screen from PRISM confirms that the Plaintiff's status as Disabled and on TRW Work ended on March 2, 2010, and that he was no longer on leave of absence as of March 4. (A.R. 10.)

Ultimately, the records the Defendant received from FedEx provided rational support for the administrator's decision and make it "possible" for the Defendant "to offer a reasoned explanation" for its decision to deny benefits. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 812 (7th Cir. 2006) (quoting *Trombetta v. Cragin Fed. Bank for Sav. Employee Stock Ownership Plan*, 102 F.3d 1435, 1438 (7th Cir. 1996)). In determining that the Plaintiff was not eligible to receive Short Term Disability benefits, the Defendant based its decision on a consideration of the relevant factor, i.e., the Defendant's employment status as a part time material handler. Neither the fact that the PRISM records lagged behind the relevant employment

9

events, nor the fact that an employee in human resources stated that the Plaintiff's full time status should be reinstated after the Plaintiff quit his part time job a short time into it (an event that never occurred), is reason to find the Defendant's conclusion unreasonable. Accordingly, the Defendant has met its burden and is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment [ECF No. 15] is GRANTED, and the Plaintiff's Cross Motion for Summary Judgment [ECF No. 19] is DENIED. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on September 11, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION